IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN B. EDENS                                                      PLAINTIFF

v.                          CIVIL NO. 22-5067

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                   DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Jonathan B. Edens, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for child disability insurance benefits (CDIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for CDIB and SSI on March 9, 2020, and February 13, 2020, respectively, alleging an inability to work since August 4, 2017, due to post-traumatic stress disorder, manic depression, trauma-based disorder, paranoid schizophrenia, and a learning disability. (Tr. 69, 365, 372, 382). An administrative telephonic hearing was held on March 31, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 29-62).

1

By written decision dated May 26, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: anxiety, depression, dissociative identity disorder, attention deficit/hyperactivity disorder, schizoaffective disorder, bipolar type, antisocial and borderline personality disorder, and neurodevelopmental disorders. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, carry out, and remember simple instructions and make commensurate work-related decisions, respond appropriately to supervision, coworkers, and work situations, deal with routine changes in work setting, maintain concentration persistence, and pace for up to and including two hours at a time with normal breaks throughout a normal workday. He is limited to occasional interaction with coworkers, supervisors, and the general public.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a housekeeping cleaner and a power screwdriver operator. (Tr. 20-21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 7, 2022. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 13, 15).

II.   **Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial

evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

**III.     Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. *Id*.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

The medical evidence establishes Plaintiff has been diagnosed and treated for various mental impairments to include schizoaffective disorder, bipolar type; attention deficit/hyperactivity disorder; substance abuse disorder; major depressive disorder; unspecified anxiety disorder; dissociative identity disorder; and unspecified disruptive, impulse-control and conduct disorder. A review of the record revealed during the time period in question, Plaintiff

4

appears to have frequently abused substances which led to him failing to follow his medication regimen which in turn increased his anxiety and irritability. Due to the abuse of substances and inability to cope, Plaintiff agreed to in-patient treatment during the time period in question.

In making the disability determination, the ALJ did not discuss the medical evidence relating to Plaintiff's delusional thoughts, aggression or use of alcohol and other substances, and how this impacted Plaintiff's ability to perform substantial gainful activity. A review of the medical record revealed that in September of 2017, Plaintiff's therapist noted Plaintiff continued to deal with entrenched delusions. (Tr. 937). At that time, there was no indication Plaintiff was abusing substances. However, in October of 2017, Plaintiff admitted to abusing substances and agreed to in-patient treatment. While in treatment, the record reveals Plaintiff was moved to a different facility after having an altercation with another patient. In January of 2019, Dr. Donna Rocha indicated Plaintiff had chronically impaired judgement. (Tr. 1077). At that time, Plaintiff denied substance abuse, but Dr. Rocha noted there was suspected abuse. A treatment review dated January 29, 2019, indicated Plaintiff continued to struggle with irrational thoughts and Plaintiff's ability to cope had been overwhelmed by maladaptive substance abuse. (Tr. 1084). In January of 2020, Plaintiff was noted to be addicted to alcohol and other substances. (Tr. 1134). Because the ALJ failed to address Plaintiff's delusional thoughts, frequent but not continuous abuse of substances and irritable/aggressive behavior, the Court is unable to determine if the ALJ's determination is supported by substantial evidence. Accordingly, the Court believes remand is warranted for the ALJ to more fully and fairly develop the record with respect to Plaintiff's mental impairments.

On remand, the ALJ is also directed to address interrogatories to a mental health physician requesting that said physician review Plaintiff's medical records; complete a mental RFC

assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV.   Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of May 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE